**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
————————

No. 20-1637
————————

SANCHIT JAIN,
                    Appellant

v.

CARNEGIE MELLON UNIVERSITY
————————

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:18-cv-01163)
Magistrate Judge: Honorable Patricia L. Dodge
————————

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 29, 2021

Before: RESTREPO, BIBAS, and PORTER, *Circuit Judges*

(Opinion Filed: March 5, 2021)
————————

**OPINION**[*]
————————

BIBAS, *Circuit Judge*.

When you need help, ask for it promptly and explain why. Sanchit Jain was a promising

graduate student at Carnegie Mellon University. But he failed out after his first full semes-

ter. He blames Carnegie Mellon. After he got ADHD accommodations, it supposedly

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

punished him by refusing to cut him more breaks. But there is no evidence of that. Instead, the evidence shows that Jain failed his classes because he procrastinated and had a separate sleep disorder. But he never revealed his sleep problem until the end of the semester, when it was too late. So we will affirm the District Court's grant of summary judgment for Carnegie Mellon.

## I. BACKGROUND

Carnegie Mellon has one of the top computer-science programs in the country. Jain was a master's student there. He has ADHD. So when he enrolled in 2017, he sought disability accommodations, like flexible due dates for his homework. Carnegie Mellon approved them all.

Even so, Jain floundered that fall. He missed assigned readings, regularly skipped classes, had trouble working with partners, needed many extensions, and had to ask for more accommodations. During the semester, Carnegie Mellon and his professors obliged.

According to Jain, the problem was *not* his ADHD. Instead, he says, he had an unrelated sleep disorder. He had been diagnosed with this problem even before he enrolled, but claims it got worse during the semester and started interfering with his coursework. Still, he told no one at Carnegie Mellon about his sleep disorder until December 15. And when at last he emailed the disability office about it, he did not ask for help. Instead, he wrote that "even if there are [accommodations available for it], I'd not seek them." App. 610.

By finals period, Jain had dropped two of his five classes and gotten the lowest passing grade in a third. Worse, he was about to fail the remaining two, Distributed Systems and Computer Networks. He tried three ways to keep those failing grades off his transcript.

2

First, he asked for "incompletes," uncommon placeholder grades that would let him finish those classes in the spring. A few days before his final exams, Jain emailed his professors and asked for incompletes because of "some health issues." App. 587–89. His Distributed Systems professor said no. His Computer Networks professor said perhaps, but only if the disability office approved. But the director of the disability office explained that its policy was not to recommend incompletes as a disability accommodation. So Jain had to take his finals. He failed his Distributed Systems final exam and thus the class.

Second, Jain asked for a make-up exam. Twenty-seven minutes before his Computer Networks final, he told his professors that he was "not feeling well today" and asked if a makeup test had been scheduled. App. 874. None had been. So Jain did not take that final. He failed that class too.

Finally, Jain wanted to retroactively drop the two classes. To do that, he needed the approval of the program director. But the director said no.

Jain thus finished his first semester with a grade-point average well below what he needed to stay in the program. So Carnegie Mellon dismissed him, and the dean and provost upheld the dismissal. Jain then filed a discrimination complaint with the Department of Education. But after investigating, it found "insufficient evidence of discrimination." App. 9.

Jain then sued under the Americans with Disabilities Act (ADA) and Rehabilitation Act. He claims that he failed those two classes only because Carnegie Mellon discriminated against him based on his ADHD accommodations. He makes no claim that it was biased against him because of his sleep disorder, nor that Carnegie Mellon denied him any ADHD accommodations. Instead, his theory is that Carnegie Mellon was annoyed by his constant

3

requests for ADHD accommodations. So though it granted those requests, it later punished him by refusing to grant him the incompletes, makeup test, and retroactive drops. He alleges that Carnegie Mellon *would* have given him those breaks if he had not already asked for ADHD accommodations.

After discovery, the District Court granted summary judgment for Carnegie Mellon. Under both statutes, Jain had to prove that he was disabled; that but for his disability, he was qualified for Carnegie Mellon's program; and that Carnegie Mellon dismissed him because of his disability. *C.G. v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 (3d Cir. 2013). The court found both that Jain was not qualified and that he was not dismissed because of his ADHD accommodations. Jain now appeals. We review the District Court's grant of summary judgment de novo. *Cranbury Brick Yard, LLC v. United States*, 943 F.3d 701, 708 (3d Cir. 2019).

## II. JAIN WAS NEITHER QUALIFIED NOR DISMISSED BECAUSE OF BIAS

Jain argues that he was qualified for his program and that he faced discrimination. But his first argument boils down to his second: Normally, someone with his grades would not be qualified to keep studying at Carnegie Mellon. So to prove that he was qualified, Jain had to show that he got those bad grades because of discrimination. Jain would merit a trial on that issue if a "reasonable jury" could find, based on his evidence, that Carnegie Mellon had discriminated against him. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

No reasonable jury could find that. Jain has admitted his own fault for his plight: "As much as I'd like to shift the blame on others, a large part of my predicament is because of my own actions." App. 353. "I should've moved to a Reduced Course Load as soon as I

4

started having trouble. But I got used to extensions." *Id.* He thus "procrastinated some-times, as [the director of the disability office had] correctly predicted." App. 614. He also missed or was late for many classes.

Even so, he blames Carnegie Mellon for not helping him more. But that charge is base-less. There is no evidence that Carnegie Mellon denied him help for his sleep disorder because he had asked for ADHD accommodations. As we will explain, Carnegie Mellon denied those requests because they were so late and vague that it did not even *know* that he had a problem until the end of the semester. That is why Jain could not get an incomplete, makeup test, or drop. And that is why he failed—*not* because his professors wanted to punish him.

**A. Carnegie Mellon did not give Jain failing grades out of bias**

Jain claims that his professors denied him incompletes, a makeup test, and drops to punish him for requesting ADHD accommodations. No reasonable jury could agree.

1. *Incompletes*. First, Jain notes that when he asked for an incomplete in Computer Networks, Prof. Seshan replied: "Unfortunately, we have given you numerous extensions through[out] the semester for individual assignments. We cannot grant you an incomplete as well." App. 592. Jain reads this statement as betraying Prof. Seshan's annoyance at his past accommodations and explaining why he would not accommodate his sleep disorder. In context, that reading is unreasonable.

To start, though Jain *now* says that he asked for an incomplete because of his sleep disorder, he never explained that at the time. During the semester, he told Prof. Seshan only that Carnegie Mellon had granted him accommodations for an undisclosed disability. Prof.

Seshan not only honored those accommodations, but also gave him others, like extra time to study for his midterm exam. So when Jain asked for an incomplete because of "some health issues," Prof. Seshan had no way to know that Jain meant a new, separate sleep disorder.

And Prof. Seshan *was* willing to give Jain an incomplete—as long as the disability office approved. But it did not. Only then did Prof. Seshan mention Jain's previous accommodations. In context, he meant only that after all the leeway he had already given Jain, he could not grant another accommodation that the disability office had recommended not giving. So a jury could not reasonably think that Prof. Seshan acted out of anti-disability bias.

Jain's evidence about his other class is even weaker. When his Distributed Systems professor denied him an incomplete, she said nothing about his ADHD accommodations. Jain does say that earlier in the semester, unnamed instructors called him a "special case." App. 369. But he cannot tie this anonymous comment to any one instructor. Nor does the comment show that anyone planned to punish him for his special needs.

2. *Makeup test*. Next, Jain claims that his Computer Networks professors denied him a makeup test because they were biased. The evidence refutes this charge too. Jain did not ask for a special makeup test. He asked only "if there would be a make-up exam tomorrow, *perhaps for other students*, so that, if you're willing, I can take the exam *with them*." App. 595 (emphases added). Though Jain hoped that a makeup test was already scheduled, he evidently decided not to demand a new test just for himself. Because he did not ask for one, his professors' failure to write one just for him does not suggest bias.

3. *Retroactive drops*. Finally, Jain complains that Carnegie Mellon did not let him retroactively drop his classes after he failed them. To drop them, he needed permission from his program director. But in Jain's deposition, he admitted that he had no reason to think that the director was biased.

Besides, Jain was not eligible for a retroactive drop. Carnegie Mellon students may drop classes after the drop deadline only if they did poorly because of "extenuating circumstances" that they did not know of or anticipate earlier. App. 703–04. But Jain had known of his sleep problem for months. He had many chances to tell Carnegie Mellon about his illness and get help or drop his classes, but did not. So he did not qualify for a retroactive drop. He was not denied it out of bias.

## B. Jain's other evidence does not show that Carnegie Mellon was biased

Beyond his not getting those three breaks, Jain claims that other evidence shows disability discrimination. But his reading of that evidence is implausible.

First, Jain charges that Carnegie Mellon revealed its bias by discouraging him from using all the accommodations for which he was eligible. But that evidence does not show bias. All it shows is that his advisors thought that using the accommodations was not in his best interests. For instance, the director of the disability office warned him that extensions might lull him into procrastinating. And when that prediction came true, Jain's academic advisor gave him the same advice. Jain later admitted that the director had been right. There is no evidence that the director or his advisor was biased.

Next, Jain points to Carnegie Mellon's dismissal, which noted his "extensive and re-curring demands on course instructors to grant extensions, special consideration, and

forgiveness." App. 175. He reads this sentence as penalizing him for his accommodations. But the rest of the letter clarifies that Carnegie Mellon dismissed him for his bad grades, not his ADHD. Plus, the quotation is ambiguous. It could refer to his many requests for accommodations not tied to his documented ADHD, like incompletes, the makeup exam, and drops. No reasonable jury could conclude, based on this one sentence, that Carnegie Mellon was biased.

Finally, Jain points out that his credentials were strong enough to gain admission to Carnegie Mellon. It was odd, he says, that just a semester later Carnegie Mellon changed its mind and found him unqualified. But that was not odd. The qualifications to *enter* a program differ from those to *stay in it*. Jain lacked the grades to stay enrolled.

* * * * *

Jain's frustration is understandable. But Carnegie Mellon is not to blame. Jain never told its faculty or staff about his sleep disorder until after his difficult semester. By then, it was too late to help him. He failed out because of his own delay, not Carnegie Mellon's bias. No jury could reasonably find otherwise. So we will affirm the District Court's grant of summary judgment for Carnegie Mellon.